TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
AARON FRUMKIN (Cal. Bar No. 308479)
Assistant United States Attorney
General Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6799
     Facsimile: (213) 894-2927
     E-mail:   Aaron.Frumkin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-274(A)-ODW-1 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOHN GARCIA |
| v. | |
| JOHN GARCIA, | |
| Defendant. | |

1.   This constitutes the plea agreement between JOHN GARCIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts four and six of the superseding indictment in United States v. John Garcia, CR No.

19-274(A)-ODW-1, which charge defendant with Possession of Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3), (2)(a), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1), (2)(a), respectively.

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

      i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

      ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

      iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing

1  regarding alleged violations of the conditions of pre-trial release
2  by VTC or telephone, if VTC is not reasonably available.

3       iv.  Not commit any crime or any act constituting
4  obstruction of justice; however, offenses that would be excluded for
5  sentencing purposes under United States Sentencing Guidelines
6  ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the
7  scope of this agreement.

8       e.  Be truthful at all times with the United States
9  Probation and Pretrial Services Office and the Court.

10      f.  Pay the applicable special assessment at or before the
11 time of sentencing unless defendant has demonstrated a lack of
12 ability to pay such assessments.

13                  THE USAO'S OBLIGATIONS

14     3.  The USAO agrees to:

15      a.  Not contest facts agreed to in this agreement.

16      b.  Abide by all agreements regarding sentencing contained
17 in this agreement.

18      c.  At the time of sentencing, move to dismiss the
19 remaining counts of the superseding indictment as against defendant.
20 Defendant agrees, however, that at the time of sentencing the Court
21 may consider any dismissed charges in determining the applicable
22 Sentencing Guidelines range, the propriety and extent of any
23 departure from that range, and the sentence to be imposed.

24      d.  Recommend that defendant not be required to self-
25 surrender to serve his sentence until on or after August 1, 2021,
26 unless defendant violates the conditions of his bond.

27      e.  Except for criminal tax violations (including
28 conspiracy to commit such violations chargeable under 18 U.S.C.

                              3

§ 371), not further criminally prosecute defendant for violations of 21 U.S.C. §§ 841(a) and (b) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 13 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count four, that is, Possession of Fifteen or More Unauthorized Access Devices, in violation of Title 18, United States Code, Sections 1029(a)(3), 2(a), the following must be true: first, defendant knowingly possessed at least fifteen unauthorized access devices at the same time; second, defendant knew that the devices were unauthorized; third, defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and fourth, defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

a.   Defendant understands that for defendant to be guilty of aiding and abetting possession of fifteen or more unauthorized access devices, in violation of Title 18, United States Code, Section 2(a), the following must be true: first, someone else committed the

4

crime of possession of fifteen or more unauthorized access devices; second, defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of possession of fifteen or more unauthorized access devices; third, defendant acted with intent to facilitate possession of fifteen or more unauthorized access devices; and fourth, defendant acted before the crime was completed.

5.   Defendant understands that for defendant to be guilty of the crime charged in count six, that is, Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 2(a), the following must be true: first, defendant knowingly possessed without legal authority a means of identification of another person; second, defendant knew that the means of identification belonged to a real person; and third, defendant did so during and in relation to defendant's unlawful possession of fifteen or more access devices, a felony violation of Title 18, United States Code, Section 1029(a)(3).

a.   Defendant understands that for defendant to be guilty of aiding and abetting aggravated identity theft, in violation of Title 18, United States Code, Section 2(a), the following must be true: first, someone else committed the crime of aggravated identity theft; second, defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of aggravated identity theft; third, defendant acted with intent to facilitate aggravated identity theft; and fourth, defendant acted before the crime was completed.

PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(3), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), is: two years imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: twelve years' imprisonment; a four-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and

immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about December 15, 2016, in Los Angeles County, within the Central District of California, defendant and co-defendant, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices, namely, approximately 18 social security numbers and 36 credit, debit, and bank account numbers, all belonging to real persons and businesses other than defendant or co-defendant, with said possession affecting interstate and foreign commerce.  In addition, on or about December 15, 2016, in Los Angeles County, defendant and co-defendant, each aiding and abetting the other, knowingly possessed, without lawful authority, means of identification that defendant and co-defendant knew belonged to other persons, namely, the name, social security

number, and bank account number of M.G.; the name and California Driver's License number of Y.A.; and the name and social security number of B.R.  Defendant possessed these means of identification during and in relation to defendant's unlawful possession of fifteen or more access devices, a felony violation of Title 18, United States Code, Section 1029(a)(3).

Specifically, on or around July 28, 2016, defendant opened Wells Fargo account ending in x8611 online using B.W.'s name, California Driver's License number, birthdate, social security number, and address.  Defendant listed his own residential address as the mailing address for the account.  On or around August 10, 2016, defendant altered a check made out to the business S.G. from victim H.C.  H.C. had mailed a check to S.G. for $455, but defendant intercepted it, altered it, and made it payable to B.W. for $4,055.  Defendant deposited the altered check into the x8611 account.  On or around the next day, on August 11, 2016, defendant wrote check #104 from the x8611 account for $1,500 made payable to himself, which he cashed at a Wells Fargo in Granada Hills.

On or around July 31, 2016, defendant altered a check made out to S.G. from victim business G.T.  G.T. had mailed a check to S.G. for $95.95, but defendant intercepted it, altered it, and made it payable to B.W. for $1,295.95.  An owner of G.T. stated that he did not know B.W. and did not give him permission to possess or alter the check.  On August 10, 2016, defendant cashed the check at an ATM in North Hollywood.

In and around December 2016, defendant lived with co-defendant in Northridge, California ("the residence").  On December 15, 2016, law enforcement searched the residence and found at least fifteen

access devices, specifically approximately at least 18 social security numbers, and 36 access devices, belonging to real persons other than defendant or co-defendant, in addition to access-device making equipment, Dremel bits and tools, counterfeit checks, counterfeit postal keys, genuine postal locks, stolen mail, and methamphetamine and drug distribution materials.

In particular, in the living room law enforcement found approximately 48 pieces of mail and mail matter not addressed to defendant or co-defendant.  On a desk in the living room law enforcement found washed checks payable to defendant, four counterfeit California Driver's Licenses with defendant's picture -- three bearing names other than defendant's -- and two California ID cards in defendant's name.  Law enforcement contacted several of the addressees of the mail and mail matter, who all stated that they had not authorized either defendant or co-defendant to possess their mail.

Also in the living room law enforcement found: M.G.'s name, social security number, bank account number, and mail matter; B.R.'s name and social security number; and Y.A.'s name, social security number, driver's license number, and a City National Bank check in Y.A.'s name.  Defendant knew that M.G., B.R., and Y.A. were real people.  None of M.S., B.R., or Y.A. ever provided defendant or co-defendant with authorization to possess this personal information.

Law enforcement also recovered a "new patient" form belonging to Y.A., and a blank check, number 1382, representing that Y.A. was the holder of a City National Bank checking account ending in x3206. Y.A.'s driver's license number and expiration date were handwritten on blank check 1382.  Records from City National Bank revealed that

checking account x3206 actually belonged to A.P. LLC, which confirmed that it did not give defendant or co-defendant permission to possess its account number.  Records also revealed that defendant, aiding and abetting co-defendant, forged check 1381, which was made out to a Bath and Body Works store in Northridge, California, in the amount of $302.48, on December 13, 2016.

On top of defendant's desk, law enforcement found two genuine postal locks, which had been disassembled.  Law enforcement also found seven United States Postal Service arrow keys, and seven counterfeit arrow keys.

On the coffee table in the living room of the residence, law enforcement found four zip-lock bags containing a total of 32.67 grams of actual methamphetamine, one plastic vial containing 3.24 grams of actual methamphetamine, one glass beaker containing 2.24 grams of actual methamphetamine, and a digital scale and additional clear plastic baggies.  Inside co-defendant's purse, law enforcement also discovered a plastic bag containing 0.57 grams of actual methamphetamine.

Defendant knew that his possession of the access devices was unauthorized.  Defendant possessed the access devices with the intent to defraud.  Additionally, defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.  For example, defendant, aiding and abetting co-defendant, submitted forged check 1381 to a Bath and Body Works store in California.  Bath and Body Works is headquartered in New Jersey.

1

### SENTENCING FACTORS

2    14.    Defendant understands that in determining defendant's
3 sentence the Court is required to calculate the applicable Sentencing
4 Guidelines range and to consider that range, possible departures
5 under the Sentencing Guidelines, and the other sentencing factors set
6 forth in 18 U.S.C. § 3553(a).    Defendant understands that the
7 Sentencing Guidelines are advisory only, that defendant cannot have
8 any expectation of receiving a sentence within the calculated
9 Sentencing Guidelines range, and that after considering the
10 Sentencing Guidelines and the other § 3553(a) factors, the Court will
11 be free to exercise its discretion to impose any sentence it finds
12 appropriate between the mandatory minimum and up to the maximum set
13 by statute for the crime of conviction.

14    15.    Defendant and the USAO agree to the following applicable
15 Sentencing Guidelines factors:

16 Base Offense Level:              6    U.S.S.G. § 2B1.1(a)
17 Intended Loss Exceeded $550,000: +14  U.S.S.G. § 2B1.1(b)(1)(H)
18 10 or More Victims:              +2   U.S.S.G. § 2B1.1(b)(2)(A)
19 Device-making Equipment:         +2   U.S.S.G. § 2B1.1(b)(11)

20    Defendant and the USAO reserve the right to argue that
21 additional specific offense characteristics, adjustments, and
22 departures under the Sentencing Guidelines are appropriate.
23 Defendant understands that the Court must sentence defendant to a
24 term of two years' imprisonment on count six, which must run
25 consecutive to any term of imprisonment imposed for count four.

26    16.    Defendant understands that there is no agreement as to
27 defendant's criminal history or criminal history category.

28

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF RETURN OF DIGITAL DATA

2      19.  Understanding that the government has in its possession
3  digital devices and/or digital media seized from defendant, defendant
4  waives any right to the return of digital data contained on those
5  digital devices and/or digital media and agrees that if any of these
6  digital devices and/or digital media are returned to defendant, the
7  government may delete all digital data from those digital devices
8  and/or digital media before they are returned to defendant.

9

## WAIVER OF APPEAL OF CONVICTION

10      20.  Defendant understands that, with the exception of an appeal
11  based on a claim that defendant's guilty pleas were involuntary, by
12  pleading guilty defendant is waiving and giving up any right to
13  appeal defendant's convictions on the offenses to which defendant is
14  pleading guilty.  Defendant understands that this waiver includes,
15  but is not limited to, arguments that the statutes to which defendant
16  is pleading guilty are unconstitutional, and any and all claims that
17  the statement of facts provided herein is insufficient to support
18  defendant's pleas of guilty.

19

## WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

20      21.  Defendant agrees that, provided the Court, before
21  imposition of the mandatory consecutive sentence of two years'
22  imprisonment on count six, imposes a total term of imprisonment
23  within or below the range corresponding to an offense level of 21 and
24  the criminal history category determined by the Court, defendant
25  gives up the right to appeal all of the following: (a) the procedures
26  and calculations used to determine and impose any portion of the
27  sentence; (b) the term of imprisonment imposed by the Court; (c) the
28  fine imposed by the Court, provided it is within the statutory

maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support the defendant's pleas of guilty.

23.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) before imposition of the mandatory consecutive sentence of two years' imprisonment on count six, the Court imposes a total term of imprisonment within or above the range corresponding to an offense level of 21 and the criminal history category determined by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, both the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

1

<u>EFFECTIVE DATE OF AGREEMENT</u>

2      26.  This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5

<u>BREACH OF AGREEMENT</u>

6      27.  Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered guilty pleas pursuant to this agreement, defendant will not

18  be able to withdraw the guilty pleas, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20      28.  Following the Court's finding of a knowing breach of this

21  agreement by defendant, should the USAO choose to pursue any charge

22  that was either dismissed or not filed as a result of this agreement,

23  then:

24          a.  Defendant agrees that any applicable statute of

25  limitations is tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action.

27          b.  Defendant waives and gives up all defenses based on

28  the statute of limitations, any claim of pre-indictment delay, or any

17

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

18

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

*Aaron Frumkin*                                   5/21/2021
—————————————————              —————————————————
AARON FRUMKIN                                   Date
Assistant United States Attorney

*John Garcia*                                   5-21-2021
—————————————————              —————————————————
JOHN GARCIA                                     Date
Defendant

                                                5/21/2021
—————————————————              —————————————————
MANUEL ARAUJO                                   Date
Attorney for Defendant
JOHN GARCIA

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          5-21-2021
JOHN GARCIA                                Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOHN GARCIA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        5/21/2021
MANUEL ARAUJO                            Date
Attorney for Defendant
JOHN GARCIA